## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
### (Greenbelt Division)

SOCORRO VILLAMIL
c/o 519 H Street NW
Washington, DC 20001
(Prince George's County)

ISABEL HERRERA
c/o 519 H Street NW
Washington, DC 20001
(Prince George's County)

      Plaintiffs,

v.

EL BUCANAS CAFE, INC.
d/b/a EL BUCANAS CAFE
5409 Kenilworth Avenue
Riverdale, MD 20737
(Prince George's County)

FRANCISCO RAUL OSORIO GUZMAN
a/k/a RAUL OSORIO
1008 Pembridge Court
Bowie, MD 20716
(Prince George's County)

      Defendants.

Civil Action No. _____

## COMPLAINT

1.     While Plaintiffs worked at El Bucanas Cafe, Defendants paid Plaintiffs 7.00 per hour —

less than the federal, Maryland, and Prince George's County minimum wages. Moreover, Defend-

ants did not pay Plaintiffs overtime wages for their overtime hours. Finally, Defendants did not

pay Plaintiff  Herrera for all the hours that she worked in her final week of employment.

2.      Plaintiffs bring this action against El Bucanas Cafe, Inc. and Francisco Raul Osorio Guzman ("Defendants") to recover damages for Defendants' willful failure to pay minimum, overtime, and regular wages, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*; the Maryland Wage and Hour Law ("MWHL"), Md. Code, Lab. & Empl. Art., § 3-401 *et seq.*; and the Maryland Wage Payment and Collection Law ("MWPCL"), Md. Code, Lab. & Empl. Art., § 3-501 *et seq.*

## Jurisdiction and Venue

3.      Jurisdiction is proper pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1367 (supplemental jurisdiction).

4.      Venue is proper pursuant to 28 U.S.C. § 1391(b) and Local Rule 501(4) because a majority of the Maryland parties reside in this district and division, and because a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this district and division.

## Parties

5.      Plaintiff Socorro Villamil is an adult resident of Prince George's County, Maryland.

6.      Plaintiff Isabel Herrera is an adult resident of Prince George's County, Maryland.

7.      Defendant El Bucanas Cafe, Inc. is a Maryland corporate entity. It does business as El Bucanas Cafe. Its principal place of business is located at 5409 Kenilworth Avenue, Riverdale, MD 20737. Its resident agent for service of process is Raul Osorio, 11001 Glenshire Drive, Glenn Dale, MD 20769.

8.      Defendant Francisco Raul Osorio Guzman is an adult resident of Maryland. He resides at 1008 Pembridge Court, Bowie, MD 20716. He is an owner and officer of Defendant El Bucanas Cafe, Inc. He exercises exclusive control over the operations of El Bucanas Cafe, Inc. — including its pay practices.

9.     Defendants own and operate the restaurant El Bucanas Cafe, located at 5409 Kenilworth Avenue, Riverdale, MD 20737.

**Factual Allegations Specific to Plaintiff Villamil**

10.    Plaintiff Villamil worked at El Bucanas Cafe from approximately August 25, 2020 through approximately March 13, 2021, with a leave of absence from approximately November 12, 2020 through approximately December 4, 2020.

11.    Plaintiff Villamil worked at El Bucanas Cafe as a kitchen laborer.

12.    Plaintiff Villamil's job duties at El Bucanas Cafe primarily consisted of preparing and cooking food, washing dishes, taking food orders, and cleaning the restaurant.

13.    Prior to approximately January 1, 2021, Plaintiff Villamil typically and customarily worked approximately fifty hours per week.

14.    Prior to approximately January 1, 2021, Plaintiff Villamil typically and customarily worked the following schedule:

| Day | Start Time | End Time | Break Time | Hours Worked |
|---------|------------|------------|------------|--------------|
| Monday | 12:00 p.m. | 10:00 p.m. | - | 10.0 |
| Tuesday | 12:00 p.m. | 10:00 p.m. | - | 10.0 |
| Wednesday | 12:00 p.m. | 10:00 p.m. | - | 10.0 |
| Thursday | *Off* | | | |
| Friday | *Off* | | | |
| Saturday | 12:00 p.m. | 10:00 p.m. | - | 10.0 |
| Sunday | 12:00 p.m. | 10:00 p.m. | - | 10.0 |
| | | | | **Total: 50.0** |

15.    Starting on approximately January 1, 2021, Plaintiff Villamil typically and customarily worked approximately forty hours per week.

16.    Starting on approximately January 1, 2021, Plaintiff Villamil typically and customarily worked the following schedule:

| Day | Start Time | End Time | Break Time | Hours Worked |
|---|---|---|---|---|
| Monday | 12:00 p.m. | 10:00 p.m. | - | 10.0 |
| Tuesday | 12:00 p.m. | 10:00 p.m. | - | 10.0 |
| Wednesday | 12:00 p.m. | 10:00 p.m. | - | 10.0 |
| Thursday | *Off* | | | |
| Friday | *Off* | | | |
| Saturday | *Off* | | | |
| Sunday | 12:00 p.m. | 10:00 p.m. | - | 10.0 |
| | | | | **Total: 40.0** |

17.     At all relevant times, Defendants paid Plaintiff Villamil $7.00 per hour.

18.     At all relevant times, Defendants paid Plaintiff Villamil in cash.

19.     In 2020, Plaintiff Villamil typically and customarily worked more than forty hours per workweek for Defendants.

20.     At all relevant times, Defendants paid Plaintiff Villamil the same regular hourly rate across all hours worked.

21.     At all relevant times, Defendants did not pay Plaintiff Villamil overtime wages — or one and one-half times her regular hourly rate for hours worked in excess of forty in a workweek.

22.     In addition to not paying overtime wages, Defendants did not pay Plaintiff Villamil the applicable federal, Maryland, and Prince George's County minimum wages.

23.     Defendants owe Plaintiff Villamil approximately $6,360.00 in minimum and overtime wages (excluding liquidated damages).

**Factual Allegations Specific to Plaintiff Herrera**

24.     Plaintiff Herrera worked at El Bucanas Cafe from approximately August 27, 2020 through approximately March 13, 2021, with a leave of absence from approximately November 18, 2020 through approximately December 2, 2020.

25.     Plaintiff Herrera worked at El Bucanas Cafe as a kitchen laborer.

26.     Plaintiff Herrera's job duties at El Bucanas Cafe primarily consisted of preparing and cook-

ing food, washing dishes, taking food orders, and cleaning the restaurant.

27.     Prior to approximately December 16, 2020, Plaintiff Herrera typically and customarily

worked approximately forty-eight hours per week.

28.     Prior to approximately December 16, 2020, Plaintiff Herrera typically and customarily

worked the following schedule:

| Day | Start Time | End Time | Break Time | Hours Worked |
|---|---|---|---|---|
| Monday | *Off* | | | |
| Tuesday | *Off* | | | |
| Wednesday | 12:00 p.m. | 10:00 p.m. | - | 10.0 |
| Thursday | 12:00 p.m. | 10:00 p.m. | - | 10.0 |
| Friday | 12:00 p.m. | 10:00 p.m. | - | 10.0 |
| Saturday | 12:00 p.m. | 10:00 p.m. | - | 10.0 |
| Sunday | 5:00 a.m. | 1:00 p.m. | - | 8.0 |
| | | | | **Total: 48.0** |

29.     Starting on approximately December 16, 2020, Plaintiff Herrera typically and customarily

worked approximately thirty-eight hours per week.

30.     Starting on approximately December 16, 2020, Plaintiff Herrera typically and customarily

worked the following schedule:

| Day | Start Time | End Time | Break Time | Hours Worked |
|---|---|---|---|---|
| Monday | *Off* | | | |
| Tuesday | *Off* | | | |
| Wednesday | *Off* | | | |
| Thursday | 12:00 p.m. | 10:00 p.m. | - | 10.0 |
| Friday | 12:00 p.m. | 10:00 p.m. | - | 10.0 |
| Saturday | 12:00 p.m. | 10:00 p.m. | - | 10.0 |
| Sunday | 5:00 a.m. | 1:00 p.m. | - | 8.0 |
| | | | | **Total: 38.0** |

31.     At all relevant times, Defendants paid Plaintiff Herrera $7.00 per hour.

32.     At all relevant times, Defendants paid Plaintiff Herrera in cash.

33.     Prior to approximately December 16, 2020, Plaintiff Herrera typically and customarily worked more than forty hours per workweek for Defendants.

34.     At all relevant times, Defendants paid Plaintiff Herrera the same regular hourly rate across all hours worked.

35.     At all relevant times, Defendants did not pay Plaintiff Herrera overtime wages — or one and one-half times her regular hourly rate for hours worked in excess of forty in a workweek.

36.     In addition to not paying overtime wages, Defendants did not pay Plaintiff Herrera the applicable federal, Maryland, and Prince George's County minimum wages.

37.     Finally, Defendants did not pay Plaintiff Herrera for eight hours of work during her last week of employment.

38.     Defendants owe Plaintiff Herrera approximately $6,000.00 in regular, minimum, and overtime wages (excluding liquidated damages).

### Factual Allegations Common to All Plaintiffs

39.     Defendant Osorio Guzman set the hours of operation for El Bucanas Cafe.

40.     Defendant Osorio Guzman hired Plaintiffs.

41.     Defendant Osorio Guzman set Plaintiffs' work schedules.

42.     Defendant Osorio Guzman supervised Plaintiffs.

43.     Defendant Osorio Guzman set Plaintiffs' rate of compensation.

44.     Defendant Osorio Guzman handed Plaintiffs their pay.

45.     At all relevant times, Defendants had the power to hire and fire Plaintiffs.

46.     At all relevant times, Defendants had the power to control Plaintiffs' work schedule.

47.     At all relevant times, Defendants had the power to supervise and control Plaintiffs' work.

48.     At all relevant times, Defendants had the power to set Plaintiffs' rate and manner of pay.

49.     Federal law required that Defendants pay Plaintiffs least $7.25 per hour. 29 U.S.C. § 206(a)(1).

50.     Maryland law required that Defendants pay Plaintiffs at least $11.00 from January 1, 2020 through December 31, 2020, and $11.60 per hour from January 1, 2021 through the present (for employers with 14 or less employees). Md. Code, Lab. & Empl. Art. § 3-413.

51.     Prince George's County law required that Defendants pay Plaintiffs at least $11.50 per hour from October 1, 2017, through December 31, 2020, and $11.60 per hour from January 1, 2021 through the present. Prince George's Cnty. Code § 13A-117.

52.     At all relevant times, Defendants were aware that they were legally required to pay Plaintiffs the applicable federal, Maryland, and Prince George's County minimum wages.

53.     At all relevant times, Defendants were aware that they were legally required to pay Plaintiffs one and one-half times their regular hourly rate for all hours worked in excess of forty hours in any one workweek.

54.     At all relevant times, the annual gross volume of Defendants' business exceeded $500,000.00.

55.     At all relevant times, Defendants had two or more employees who handled goods and/or materials that had traveled in or been produced in interstate commerce.

56.     At all relevant times, Defendants had employees who handled food products, such as chicken, beef, or vegetables, that had been raised or grown outside of Maryland.

## COUNT I
### FAILURE TO PAY MINIMUM AND OVERTIME WAGES UNDER THE FLSA

57.     Plaintiffs incorporate the foregoing paragraphs as if fully restated herein.

58.     Each defendant was an "employer" of Plaintiffs within the meaning of the FLSA. 29 U.S.C. § 203(d).

59.     The FLSA requires that employers pay non-exempt employees at least $7.25 per hour. 29 U.S.C. § 206(a)(1).

60.     The FLSA permits states to set a minimum wage higher than that provided for by the FLSA. 29 U.S.C. § 218.

61.     The FLSA requires employers to pay non-exempt employees one and one-half times their regular hourly rate for hours worked in excess of forty hours in any one workweek. 29 U.S.C. § 207(a)(1). This regular hourly rate cannot be lower than the applicable state or local minimum wage. 29 C.F.R. § 778.5.

62.     Defendants violated the FLSA by knowingly failing to pay Plaintiffs the required minimum wage.

63.     Defendants violated the FLSA by knowingly failing to pay Plaintiffs at least one and one-half times their regular hourly rates for hours worked in excess of forty hours in any one workweek.

64.     Defendants' violations of the FLSA were willful.

65.     For Defendants' violations of the FLSA, Defendants are liable to Plaintiffs for unpaid minimum and overtime wages, an equal amount as liquidated damages, reasonable attorney's fees and expenses, court costs, interest, and any other relief deemed appropriate by the Court.

## COUNT II
### FAILURE TO PAY MINIMUM AND OVERTIME WAGES UNDER THE MWHL

66.     Plaintiffs incorporate the foregoing paragraphs as if set forth in their entirety herein.

67.     Each defendant was an "employer" of Plaintiffs within the meaning of the MWHL. Md. Code, Lab. & Empl. Art. § 3-401(b).

68.     The MWHL requires that employers pay non-exempt employees at least $11.00 from January 1, 2020 through December 31, 2020, and $11.60 per hour from January 1, 2021 through the present. Md. Code, Lab. & Empl. Art. § 3-413.

69.     The MWHL requires employers to pay non-exempt employees one and one-half times their regular hourly rate for hours worked in excess of forty hours in any one workweek. Md. Code, Lab. & Empl. Art., §§ 3-415 and 3-420.

70.     Defendants violated the MWHL by knowingly failing to pay Plaintiffs the required minimum wage.

71.     Defendants violated the MWHL by knowingly failing to pay Plaintiffs one and one-half times their regular hourly rate for hours worked in excess of forty hours in any one workweek.

72.     Defendants' violations of the MWHL were willful.

73.     For Defendants' violations of the MWHL, Defendants are liable to Plaintiffs for unpaid minimum and overtime wages, an equal amount as liquidated damages, reasonable attorney's fees and expenses, court costs, interest, and any other relief deemed appropriate by the Court.

## COUNT III
## FAILURE TO PAY WAGES UNDER THE MWPCL

74.     Plaintiffs incorporate the foregoing paragraphs as if set forth in their entirety herein.

75.     Each defendant was an "employer" of Plaintiffs within the meaning of the MWPCL. Md. Code, Lab. & Empl. Art. § 3-501(b).

76.     The MWPCL requires employers to pay an employee whose employment terminates all wages due on or before the day on which the employee would have been paid the wages if the employment had not been terminated. Md. Code, Lab. & Empl. Art. § 3-505(a).

77.     The MWPCL requires employers to timely pay an employee on regular pay days. Md. Code, Lab. & Empl. Art. § 3-502.

78.     The "wages" required to be timely paid by the MWPCL include minimum and overtime wages. Md. Code, Lab. & Empl. Art. § 3-501(c)(2). *See also Peters v. Early Healthcare Giver, Inc.*, 439 Md. 646, 654 (Md. 2014).

79.     Defendants violated the MWPCL by knowingly failing to timely pay to Plaintiffs all wages due, including minimum, overtime, and regular wages.

80.     Defendants' violations MWPCL were willful.

81.     For Defendants' violations of the MWPCL, Defendants are liable to Plaintiffs for three times the amount of unpaid wages, reasonable attorney's fees and expenses, court costs, interest, and any other relief deemed appropriate by the Court.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment against Defendants, jointly and severally, on all counts, in the current total amount of **$39,542.00**, and grant the following relief:

    a.     Award Plaintiffs $37,080.00, consisting of the following overlapping elements:

        i.     unpaid federal minimum and overtime wages, plus an equal amount as liquidated damages, pursuant to the FLSA, 29 U.S.C. § 216;

        ii.     unpaid Maryland minimum and overtime wages, plus an equal amount as liquidated damages, pursuant to the MWHL, Md. Code, Lab. & Empl. Art., § 3-427;

        iii.     three times the amount of unpaid minimum and overtime wages, pursuant to the MWPCL, Md. Code, Lab. & Empl. Art., 3-507.2;

    b.     Award Plaintiffs pre-judgment and post-judgment interest as permitted by law;

    c.     Award Plaintiffs reasonable attorney's fees and expenses at (as of this date, approximately $2,060.00);

    d.     Award Plaintiffs court costs (currently, $402.00); and

    e.     Award any additional relief the Court deems just.

April 1, 2021                              Respectfully submitted,

                                          **DCWageLaw**

                                          By: /s/ Justin Zelikovitz
                                          JUSTIN ZELIKOVITZ, #17567
                                          519 H Street NW
                                          Washington, DC 20001
                                          Phone: (202) 803-6083
                                          Fax: (202) 683-6102
                                          justin@dcwagelaw.com

                                          *Counsel for Plaintiffs*